Thomas O'CONNOR, Plaintiff–Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services,*
Defendant–Appellee.

No. 92–3726.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 23, 1994.

Decided May 11, 1994.

---

* Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, Donna E. Shalala has been substituted for her predecessor, Louis W. Sullivan, as Secretary of the Department of Health and Human Services.

David N. Kornfeld (argued), Evanston, IL, for plaintiff-appellant.

Gail C. Ginsberg, Asst. U.S. Atty., Crim. Div., Donna Morros Weinstein, Michael C. Messer (argued), Dept. of Health and Human Services, Region V, Office of the General Counsel, Chicago, IL, for defendant-appellee.

Before FLAUM and EASTERBROOK, Circuit Judges, and MILLER, District Judge.**

MILLER, District Judge.

Thomas O'Connor appeals the denial of his petition for an award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons that follow, we find that although the petition was not filed until more than a year after this court directed further administrative proceedings, the right to petition for an EAJA award survives.

On July 24, 1990, the district court directed entry of judgment for the Secretary of Health and Human Services on Mr. O'Connor's appeal of the denial of his petition for supplemental security income disability benefits. Judgment was entered for the secretary in the district court on the same day. Fed.R.Civ.P. 58.

We reversed on July 23, 1991, finding that the Administrative Law Judge had not made the proper inquiry under the evidence pre-

sented. *O'Connor v. Sullivan,* 938 F.2d 70 (7th Cir.1991). Our order read, "The judgment upholding the denial of disability benefits is reversed and the matter is returned to the Social Security Administration for further proceedings consistent with this opinion. REVERSED, AND REMANDED WITH DIRECTIONS." 938 F.2d at .74. Two points must be made about this language before proceeding with the case's history.

■■■ First, the remand order plainly was one defined by sentence four of 42 U.S.C. § 405(g). Because the timing of an EAJA petition may depend upon the nature of the remand order, Mr. O'Connor argues that the remand order actually was entered under sentence six, or perhaps sentence eight, or perhaps some combination of sentences. We disagree. There are but two types of remands under § 405(g)—a sentence four remand or a sentence six remand. *Shalala v. Schaefer,* —— U.S. ——, ——, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993) ("the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g)"); *Melkonyan v. Sullivan,* 501 U.S. 89, 99, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78 (1991) (§ 405(g) limits the district court's authority to enter remands to two types—sentences four and six); *Young v. Sullivan,* 972 F.2d 830, 833 (7th Cir.1992) ("[t]here are only two kinds of remands permissible under § 405(g)"); *Damato v. Sullivan,* 945 F.2d 982, 986 (7th Cir.1991) ("[a]s the Supreme Court held ... there are two and *only two* kinds of remands permissible under § 405(g)"). A remand under sentence six is one based upon new evidence; the remand of Mr. O'Connor's case was based upon an insufficient review of existing evidence. The remand was under sentence four, no less so simply because we did not expressly declare it to be a sentence four remand.

■■■ The second point to be made about the remand order is that, unfortunately, its language cannot mean what it says. Except when Congress has established direct circuit court review of an administrative agency's decision, *see, e.g.,* 29 U.S.C. § 160 (direct

** Hon. Robert L. Miller, Jr., of the Northern District of Indiana, is sitting by designation.

appellate review of NLRB orders), we review the judgments of district courts. *See* 28 U.S.C. §§ 1291, 1292(a), (b). Congress has not provided for direct circuit court review of social security disability determinations; in a process that has been criticized as "cumbersome and duplicative", Report of the Federal Courts Study Commission, at 55 (April 2, 1990), the district court conducts an appellate review of the Secretary's decision, and we then review the district court's judgment.

The eighth sentence of 42 U.S.C. § 405(g), which provides for district court review of disability determinations, provides, "The judgment of the [district] court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions." In other instances of review of district court judgments, we ordinarily do not award damages, dismiss claims, or enter injunctions; we direct the district courts to do so. Our mandates issue, as did the mandate in this case, to the district court, and not to the parties. Although we have used language such as that found in this case in other cases, *see, e.g., Herron v. Shalala,* 19 F.3d 329, 337 (7th Cir.1994) (purporting to remand to ALJ); *Campbell v. Shalala,* 988 F.2d 741, 745 (7th Cir.1993) (purporting to remand to the Secretary), the propriety of a remand in a social security case that bypasses the district court never has been challenged.

Given the cumbersome nature of a process of sequential review by multiple courts, it is unsurprising that our opinions might lapse into ordering the relief that we should order another court to provide. Nonetheless, this case illustrates the difficulties that arise when we elide the intermediate step.

We denied the Secretary's petition for rehearing on October 8, 1991, and the Secretary did not seek certiorari. The clerk of this court issued our mandate to the district court on October 16, 1991.

Apparently taking us at our word, the district court took no action upon receipt of the mandate; instead, the case went directly to the Social Security's Appeal Council, which vacated the Secretary's earlier final decision and remanded the action to an administrative law judge, who ruled in Mr. O'Connor's favor. Nine days after the Secretary's time to appeal that decision expired, Mr. O'Connor filed a petition in the district court to affirm the Secretary's decision and his petition under the EAJA.

The district court denied the petition to affirm because there is no such procedure (a ruling from which no appeal is taken) and denied the EAJA petition as untimely. Mr. O'Connor appeals.

■ Except for one point, we would agree with the district court that the EAJA petition was untimely. A sentence four remand makes a plaintiff a prevailing party for purposes of the EAJA, and the plaintiff must file his EAJA petition within thirty days of a final and non-appealable judgment. Our earlier remand order became non-appealable upon expiration of the ninety-day period for filing a petition for certiorari. The Secretary contends that the time for filing an EAJA petition expired thirty days after that, in January 1992.

■ Ordinarily, the Secretary's computation would be accurate. The time to petition under the EAJA does not begin to run, however, until entry of a sentence four remand final judgment, 28 U.S.C. § 2412(d)(1)(B), which the EAJA defines as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). While a sentence four remand order is "final" for purposes of the EAJA, *Melkonyan v. Sullivan,* 501 U.S. 89, 101–02, 111 S.Ct. 2157, 2165, 115 L.Ed.2d 78 (1991), and while this court's order in this case became a judgment pursuant to Fed. R.App.P. 36, we have no authority to enter (as distinct from ordering entry of) a judgment remanding a disability case to the Secretary rather than to the district court. The authority to remand to the Secretary is reserved to the district courts, 42 U.S.C. § 405(g), and can be accomplished only through entry of a final judgment in the district court pursuant to Fed.R.Civ.P. 58.

The only final judgment entered in the district court before the plaintiff filed his EAJA petition was the judgment entered in the Secretary's favor on July 24, 1990. Because of the wording of our remand order, that judgment remains unchanged.

Had the appellate process worked as designed, our earlier opinion would not have

appeared to remand to the Secretary rather than to the district court; once the unfortunate language appeared in our opinion, the parties would have called it to our attention; or the district court would have recognized that we meant something other than what we said, and entered its own remand order. None of these things happened, however, and so for more than two years, we have had a non-appealable sentence four remand order from this court that would have, had it been coupled with a Rule 58 district court judgment, made Mr. O'Connor a prevailing party for EAJA purposes, *Shalala v. Schaefer*, — U.S. —, — — —, 113 S.Ct. 2625, 2631–2632, 125 L.Ed.2d 239 (1993), but no final judgment has been entered in the district court. We cannot be too critical of the district court because our remand order purported to bypass it, and Mr. O'Connor's post-remand petition did not make these points with notable clarity. Nonetheless, we cannot, and the district court did not, remand to the Secretary, and the absence of a final judgment under Rule 58 means that Mr. O'Connor's EAJA petition is not time-barred.

In this respect, our case is indistinguishable from *Shalala v. Schaefer*, — U.S. —, 113 S.Ct. 2625, in which the district court entered a sentence four remand, but did not enter final judgment pursuant to Rule 58. The Court held that the remand order made the claimant a prevailing party, but the absence of a final judgment prevented the remand order from becoming "not appealable," as required to trigger the time limitations of the EAJA. — U.S. at —, 113 S.Ct. at 2632. The problem in this case is not appealability, but the existence of a final judgment. As in *Schaefer*, no final judgment has been entered pursuant to the sentence four remand, so the time for filing an EAJA petition has not elapsed.

Accordingly, the judgment of the district court is REVERSED, and the matter is remanded to the district court to vacate the July 24, 1990 judgment and to proceed with resolution of Mr. O'Connor's EAJA petition.