Quang V. NGUYEN, Plaintiff–Appellant,

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant–Appellee.**

No. 94–6177.

United States Court of Appeals, Tenth Circuit.

Dec. 30, 1994.

---

Quang V. Nguyen, pro se.

Vicki Miles–LaGrange, U.S. Atty., Oklahoma City, OK, Gayla Fuller, Chief Counsel, Region VI, Rodney A. Johnson, Asst. Regional Counsel, Office of the Gen. Counsel, U.S. Dept. of H.H.S., Dallas, TX, for defendant-appellee.

Before BRORBY and EBEL, Circuit Judges, and SAM,* District Judge.

EBEL, Circuit Judge.

Social security claimant Quang Nguyen appeals the district court judgment reversing the Secretary's denial of disability benefits and remanding the case for additional medical evidence. Because the record contains substantial evidence to support the Secretary's decision, and because the case was improperly remanded under 42 U.S.C. § 405(g), we reverse and remand to the district court, with directions to vacate its remand order and to enter judgment in favor of the Secretary.[1]

Mr. Nguyen applied for disability benefits in September 1990, alleging that he was unable to work due to a visual impairment. Mr. Nguyen remained substantially employed, however, until at least June 15, 1991. Medical reports were submitted dating back to 1986. In August 1986, Dr. Roland Walters reported that Mr. Nguyen's vision was 20/25 in the right eye and 20/20 in the left eye, without correction. R. II at 184.

In May 1987, Dr. Lawrence diagnosed Mr. Nguyen with a detached retina in his left eye and performed surgery. A week later, Mr. Nguyen was released to return to work. *Id.* at 212, 220. In July 1987, Dr. Lawrence's

---

* Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

examination revealed that Mr. Nguyen was suffering from postoperative astigmatism in the left eye. Dr. Lawrence indicated that he could refract Mr. Nguyen to 20/25 in his left eye, with some astigmatism remaining. *Id.* at 221. At that time, Dr. Lawrence refused to sign a form declaring Mr. Nguyen legally blind in his left eye, explaining that with correction, the vision in his left eye was 20/25. *Id.* at 222. In November 1987, Dr. Lawrence found Mr. Nguyen's visual acuity to be 20/200 in the left eye with correction, and 20/40 in his right eye without correction. *Id.* at 225.

Dr. Lawrence again examined Mr. Nguyen in May 1988. The results of this examination are not entirely clear, as the record contains conflicting information. One report states that, without correction, Mr. Nguyen's eyesight was 20/800 in his left eye and 20/200 in his right eye, but that with correction his vision was 20/25 in the left eye and 20/20 in the right eye. *Id.* at 227. Other documents state that his corrected vision was 20/800 in the left eye and 20/200 in the right eye. *Id.* at 228–29.

In October 1990, Mr. Nguyen was examined by Dr. Shepherd, who found his vision to be 20/200 in the left eye and 20/100 in the right eye, with correction. Dr. Shepherd noted that there was no fundoscopic abnormality in Mr. Nguyen's right eye, and no objective reason for decreased vision in that eye. *Id.* at 232–34. The record also contains an optometrist's notation, dated January 2, 1991, that Mr. Nguyen's vision was 20/800 OS and 20/200 OD, but there is no indication whether this was based on an independent examination. *Id.* at 235.

Dr. Lawrence reexamined Mr. Nguyen in May 1991 and found his corrected vision to be 20/400 in both the left and right eyes. All other tests were normal, and Dr. Lawrence stated that he could not explain the decreased vision in either eye based on any obvious clinical pathology. *Id.* at 237, 248. He later opined, based on his examination, that there was no physiological problem with Mr. Nguyen's right eye, and suggested a

consultative examination with a neuro-opthamologist. *Id.* at 181.

A hearing was held before an administrative law judge (ALJ) in February 1992. After the hearing, the ALJ notified Mr. Nguyen that further information was necessary, and requested that he undergo examinations by an ophthalmologist and a mental health specialist. Mr. Nguyen refused to attend both examinations. *Id.* at 251–54. The ALJ then issued his decision, finding that Mr. Nguyen failed to show that he suffered from a visual impairment, and that, therefore, he was not disabled. The Appeals Council denied review.

■ Mr. Nguyen brought this action in the United States District Court for the Western District of Oklahoma, and the case was referred to a magistrate judge. Approximately four months after filing her answer, the Secretary moved to remand the case to obtain additional evidence. Noting the equivocal nature of Mr. Nguyen's evidence, the magistrate judge found that the Secretary had shown good cause for her motion and recommended that judgment be entered in favor of Mr. Nguyen and that the case be remanded "pursuant to 42 U.S.C. § 405(g), sentence 4." R.I., doc. 23. The district court adopted the magistrate judge's report and recommendation, reversing the Secretary and remanding, pursuant to sentence four of § 405(g), for further proceedings. *Id.*, doc. 25. This appeal followed.[2]

■ We review de novo the district court's decision to reverse the Secretary, applying the same standards as those employed by the district court. *See Sierra Club v. Lujan*, 949 F.2d 362, 367 (10th Cir.1991). Judicial review of the Secretary's decision is limited to a determination whether her factual findings are supported by substantial evidence and whether she applied the correct legal standards. *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir.1994).

---

**2.** A reversal and remand ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g), is final and appealable. *See Sullivan v. Finkelstein*, 496 U.S. 617, 624–29, 110 S.Ct. 2658, 2663–66, 110 L.Ed.2d 563 (1990).

■ By statute, the district court's authority to remand a social security case is limited to three carefully delineated circumstances. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 99, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991). The court may remand the case after passing on its merits and issuing a judgment affirming, reversing, or modifying the Secretary's decision, a "sentence four" remand. *Id.* at 98, 111 S.Ct. at 2163; 42 U.S.C. § 405(g). Alternatively, the court may remand the case without ruling on the merits if (a) the Secretary requests remand, for good cause, prior to filing her answer; or (b) new and material evidence comes to light, and there is good cause for failing to incorporate such evidence in the earlier proceeding. 42 U.S.C. § 405(g). These are "sentence six" remands. *Melkonyan*, 501 U.S. at 100 & n. 2, 111 S.Ct. at 2164 & n. 2.

It is not immediately clear whether the remand in this case was made pursuant to sentence four or sentence six of § 405(g). Mr. Nguyen contends that because the remand was made in response to the Secretary's motion, it was a "sentence six" remand. He argues that the court lacked authority to remand under this sentence because the Secretary's motion was untimely, was not supported by "good cause," and did not demonstrate the existence of new evidence. Both the magistrate judge's report and recommendation and the district court's order cite to sentence four as authority for the remand. R.I., docs. 23 & 25. In recommending that the Secretary's motion be granted, however, the magistrate judge determined that the Secretary showed good cause for her motion—a requirement found only in sentence six.

Mr. Nguyen is correct in arguing that remand was not authorized under sentence six. Remand was inappropriate under the first section of sentence six because, even if the Secretary's motion was supported by good cause, it was filed after her answer. A remand under the second part of sentence six was also inappropriate because there was no showing of good cause excusing "the failure to incorporate [new and material] evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

Nor was remand authorized under sentence four. Although the district court purported to remand the case as part of a judgment in favor of Mr. Nguyen on the merits, the only basis for its judgment was the magistrate judge's conclusion that the evidence was equivocal and that additional testing would be helpful. This is not an appropriate reason for reversing the Secretary's decision, which must be affirmed if it is supported by substantial evidence and correct legal standards were used. *See Castellano*, 26 F.3d at 1028; *see also Melkonyan*, 501 U.S. at 101, 111 S.Ct. at 2164 (discussing House Report which reiterated court's authority to reverse and remand, under sentence four, if the Secretary failed to provide a full and fair hearing, to make explicit findings, or to correctly apply the law and regulations).

Instead, this is exactly the type of remand that § 405(g) was intended to prevent. *See id.* at 100–01, 111 S.Ct. at 2164–65 (discussing congressional intent to prohibit courts from remanding social security case "without good reason," such as remands " 'undertaken because the judge disagrees with the outcome of the case even though he would have to sustain it under the "substantial evidence rule." ' ") (quoting S.Rep. No. 96–408, 96th Cong., 2d Sess. 58 (1979), *reprinted in* 1980 U.S.C.C.A.N. 1277, 1336). The remand, therefore, was improper.

Mr. Nguyen argues that the district court erroneously reviewed the case under a de novo standard, and that had the court used the substantial evidence standard, it would have found that he established blindness under 20 C.F.R. § 404.1581. Mr. Nguyen confuses two different standards of review. Although the Secretary's factual findings are reviewed for substantial evidence, 42 U.S.C. § 405(g), the district court reviews the record de novo when deciding whether to adopt a magistrate judge's report and recommendation, 28 U.S.C. § 636(b)(1). Here, the district court's reference to de novo review related only to its decision to adopt the report and recommendation.

■ To establish statutory blindness, a claimant must demonstrate central visual

acuity of 20/200 or less in the better eye with correction, and that his condition has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1581, 404.1509. We conclude that given the equivocal nature of the evidence, Mr. Nguyen failed to meet his burden of proving statutory blindness, both in terms of severity and duration. This is especially true in light of his refusal to attend the consultative examinations requested by the ALJ. Because the Secretary's decision was supported by substantial evidence, it must be affirmed. Mr. Nguyen's remaining arguments are without merit.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED with directions to vacate the district court's remand order and to enter judgment in favor of the Secretary.