**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LANITA K. LEONARD,

   Plaintiff-Appellant,

v.

KENNETH S. APFEL,

   Defendant-Appellee.

No. 98-7110
(D.C. No. 97-CV-163)
(E.D. Okla.)

---

ORDER AND JUDGMENT [*]

---

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Lanita Leonard appeals from the district court's judgment affirming the Commissioner's decision denying her claim for supplemental security income benefits at step five of the five-part process for determining disability, *see* 20 C.F.R. § 416.920.  In what now stands as the final decision of the Commissioner, the administrative law judge determined that claimant was severely impaired due to arthritis and degenerative disc disease, but while she lacked any past relevant work, she could perform the full range of unskilled sedentary work unhindered by any significant nonexertional impairments. Relying on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.18, the ALJ concluded that claimant was not disabled.  We apply the same standards of review as the district court, and review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence and whether he applied the correct legal standards.  *See Nguyen v. Shalala,* 43 F.3d 1400, 1402 (10th Cir. 1994).

On appeal, claimant raises several related arguments.  First, she contends that her inability to perform the prolonged sitting requirement of sedentary work due to back and hip pain is a nonexertional impairment, and that substantial evidence does not support the ALJ's implicit finding to the contrary.  She argues that consulting physician Dr. Proaño "concluded . . . that she could only sit or stand for an hour at a time."  Appellant's Br. at 20.  That was not Dr. Proaño's

-2-

conclusion, but rather was claimant's own description of her complaints to him, *see* Appellant's App. Vol. II at 115, and he drew no similar conclusion in his assessment of her condition, *see id.* at 117-18. She also contends that treating physician Dr. McElroy's opinion that she was unable to work due to chronic back pain also supports her limitation on sitting. However, claimant seems to acknowledge that the ALJ permissibly rejected this opinion because it was conclusory and not based on any diagnostic tests or objective signs, Dr. McElroy did not treat her for back pain (other than to provide pain medication), and his opinion appeared to be based on only a few perfunctory office visits. *See, e.g.*, *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir.1987) (discussing reasons for discounting treating physician's opinion). The only evidence of any problems with prolonged sitting was claimant's testimony to that effect--at the hearing, she testified she could sit for only ten to fifteen minutes at a time. The ALJ found that her credibility in this regard was suspect, a finding she does not challenge on appeal, and that any difficulties she had in sitting did not significantly affect her

ability to do sedentary work. [1]  We conclude the ALJ did not err by not identifying a limitation on sitting as a nonexertional impairment. [2]

Claimant next tries to turn this argument around and contends that the ALJ failed to identify evidence showing she could perform the sitting requirements of sedentary work, which she contends is the Commissioner's burden at step five of the analytical process, *see Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993).  We conclude that the ALJ's analysis of her credibility on this issue

---

[1]  The ALJ addressed claimant's alleged inability to sit for prolonged periods as follows:

> She said she can sit only 10 or 15 minutes at a time.  However, she admitted that she does satisfactorily if she can alternate between sitting and standing.  She testified that she can drive up to 20 miles continuously without a break and in a recent previous statement . . . , she admitted that she can drive up to 75 miles and only sometimes does she have to stop and stretch.
>
> . . . The undersigned finds that the claimant retains the residual functional capacity to perform the exertional demands of a full range of sedentary work, or work which is generally performed while sitting and never requires lifting in excess of ten pounds. . . . Sedentary work, by definition, requires between six and eight hours of sitting. However, six to eight hours of **constant** sitting is not required. . . .  The claimant has no significant nonexertional limitations which narrow the range of work she can perform.

Appellant's App. Vol. II at 13-14.

[2]  We also note that, while the ALJ did not rely on the vocational expert's testimony in his decision, the vocational expert did state at the hearing that even were claimant unable to sit for more than ten or fifteen minutes at a time, there would still be more than 20,000 jobs in the regional economy that she could perform.

-4-

satisfied the step-five burden. We also note that based on their review of the medical evidence, two nonexamining physicians concluded that claimant could perform the sitting requirements of sedentary work.

Claimant also argues that her vision problems constitute another nonexertional impairment. This contention is based on Dr. Proaño's finding that her corrected vision was 20/70. She contends that the ALJ erred by failing to address the "uncontroverted evidence" of her "visual impairment," Appellant's Br. at 21. However, she points to no evidence indicating that 20/70 vision is a significant impairment, and Dr. Proaño did not identify it as such. Certainly claimant herself never viewed it as a significant impairment until she filed her brief in the district court. Neither on her application forms nor at the hearing did she indicate that any vision problems affected her ability to work, and she both reads magazines and drives a car without any apparent difficulty. *Cf. Hawkins v. Chater* , 113 F.3d 1162, 1167 (10th Cir. 1997) (claimant has burden to ensure record contains sufficient evidence to suggest reasonable possibility that impairment exists); Social Security Ruling 96-8p, 1996 WL 374184, at *1 ("When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity."). Again, we see

no error in the ALJ's finding that claimant did not have any significant nonexertional impairments.

This conclusion also answers claimant's final argument--that the ALJ could not rely on the Medical-Vocational Guidelines because of her nonexertional impairments. Since the ALJ properly found she had no such impairments, his reliance on the guidelines was proper. *See Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994).

AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge