**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GLORIA D. RHOTEN,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 99-3251
(D.C. No. 98-CV-4167)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Gloria D. Rhoten appeals from an order of the district court granting the Commissioner's motion to remand this case to the agency for further proceedings. We affirm.

"We review de novo the district court's decision to reverse the [Commissioner], applying the same standards as those employed by the district court." Nguyen v. Shalala, 43 F.3d 1400, 1402 (10th Cir. 1994). We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Rhoten alleged disability as of June 30, 1982, due to severe mental impairments. She filed an application under Title II for both general disability benefits and Childhood Disability Insurance Benefits. She also sought benefits under Title XVI . The administrative law judge (ALJ) determined that Ms. Rhoten was not entitled to benefits under any of the programs.

The Appeals Council held that the ALJ had incorrectly addressed the Title XVI claims[2] and remanded that application to the ALJ. The Appeals Council noted that the record did not support the ALJ's finding that Ms. Rhoten's schizo-affective disorder had not lasted twelve months. The Appeals Council denied review of the other applications.

Ms. Rhoten commenced this action in district court seeking review of the Commissioner's denial of her Title II applications. The Commissioner requested a remand on the grounds that the ALJ had erred in not considering her claims past step two and that further development of the record was necessary. The district court issued a sentence four remand. [3] See 42 U.S.C. § 405(g).

Ms. Rhoten appeals arguing that the district court should not have ordered a remand, but should have awarded immediate benefits. Ms. Rhoten claims she is disabled at step three due to her mental impairments.

The record contains conflicting evidence. Some evaluators have stated that Ms. Rhoten can hold a job. She apparently was a caretaker for the elderly, although the record is not clear that she performed this job at a level that qualifies

---

[2]     The ALJ determined that Ms. Rhoten was not disabled under Title XVI at step four of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as Ms. Rhoten could return to her prior work as caretaker for the elderly.

[3]     Because this remand was pursuant to sentence four, the order was final and appealable and we have jurisdiction to consider this appeal. See Sullivan v. Finkelstein, 496 U.S. 617, 629 (1990).

as substantial gainful activity.  One evaluator stated that she was never employed at a significant level and that she was a

> severely emotionally ill individual experiencing a psychosis, high level of severe anxiety and panics, fear of other people, fear of going out, with paranoid symptoms, as well as severe depression from which she sought relief through self medication whenever adequate psychiatric treatment was not available, thus only compounding her psychological difficulty with the addition of drugs that made her life worse.

Appendix at 208.  The evaluator concluded that Ms. Rhoten is psychologically disabled and is impaired in every aspect of her life.

The evidence is conflicting and incomplete.  It would be inappropriate for us to usurp the role of the fact finder and make the initial determination of whether Ms. Rhoten should be awarded benefits.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

-4-