**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JODY A. TOWER,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 03-7016
(D.C. No. 01-CV-637-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Jody A. Tower appeals an order of the district court remanding her claim for supplemental security income benefits to the Commissioner of the Social Security Administration for further administrative proceedings. She contends that the district court erred in granting the Commissioner's request for a remand because it was not authorized by 42 U.S.C. § 405(g). We reverse and remand for further proceedings.

Background

An administrative law judge (ALJ) determined that Ms. Tower was not disabled and denied benefits. In doing so, he considered Ms. Tower's abuse of prescription medications, but nevertheless concluded that she was not disabled. The Appeals Council denied review, and Ms. Tower then appealed to the federal district court. The Commissioner filed an answer and, later, a motion to remand to the agency to develop a better record regarding Ms. Tower's drug use, specifically, for a finding on whether she would be disabled if she stopped abusing drugs. Over Ms. Tower's objection, the district court granted the remand, stating it was doing so pursuant to the fourth sentence of 42 U.S.C. § 405(g).[1] The court relied on the holding of *Drapeau v. Massanari*, 255 F.3d 1211, 1214-15

---

[1] Sentence four states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

-2-

(10th Cir. 2001), that an ALJ must evaluate whether a disabled claimant would still be disabled if she stopped abusing drugs. The court entered a judgment in Ms. Tower's favor.

## Statutory Authority for Remand to Agency

A district court is authorized to remand a case to the agency under either sentence four or sentence six of 42 U.S.C. § 405(g). These are the only kinds of remand available. *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). A sentence-four remand permits the district court to "remand the case after passing on its merits and issuing a judgment affirming, reversing, or modifying the [Commissioner's] decision." *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994). Sentence six permits a remand "without ruling on the merits if (a) the [Commissioner] requests remand, for good cause, prior to filing her answer; or (b) new and material evidence comes to light, and there is good cause for failing to incorporate such evidence in the earlier proceeding." *Id.*

## Standard of Review

This court "review[s] de novo the district court's decision to reverse the [Commissioner], applying the same standards as those employed by the district court." *Id.* at 1402; *see also Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir.

2002) (applying de novo review to legal question of whether remand was made pursuant to sentence four or sentence six).

## Analysis

The Commissioner does not argue that the remand order at issue here qualifies under sentence six. Accordingly, we evaluate whether it qualifies under sentence four. We conclude that it does not because it does not pass on the merits of the administrative ruling. The Supreme Court has held that a district court's remand order did not qualify under sentence four because it "did not make any substantive ruling; it merely returned the case to the agency for disposition, noting that both parties agreed to this course." *Melkonyan*, 501 U.S. at 98; *see also Shalala v. Schaefer*, 509 U.S. 292, 294, 296-97 (1993) (holding remand did qualify under sentence four where the district court found that the agency decision was based on three errors and entered judgment on that basis).

This circuit has held that a remand was not authorized under sentence four, even though "the district court purported to remand the case as part of a judgment in favor of [claimant] on the merits[. But] the only basis for its judgment was the magistrate judge's conclusion that the evidence was equivocal and that additional testing would be helpful." *Nguyen*, 43 F.3d at 1403; *cf. Pettyjohn v. Shalala*, 23

-4-

F.3d 1572, 1575 (10th Cir. 1994) (EAJA fees case[2] holding, "[b]ecause the district court's order was a substantive reversal based upon the correctness of the Secretary's decision, it was a sentence four remand."). Other circuits have also ruled that a remand order must pass on the merits to qualify under sentence four. *Krishnan v. Barnhart*, 328 F.3d 685, 692 (D.C. Cir. 2003) (declining to "sanitize" erroneous sentence-six remand order by construing it as sentence-four order because district court made no substantive ruling on correctness of agency's decision and district court did not relinquish jurisdiction); *Pottsmith*, 306 F.3d at 528 (holding district court's ruling that Commissioner's decision was not supported by substantial evidence complied with sentence four's requirement of a substantive ruling on the merits); *O'Connor v. Shalala*, 23 F.3d 1232, 1233, 1235 (7th Cir. 1994) (after appellate court reversed on merits because ALJ had not made proper inquiry under evidence presented, sentence-four remand must be made by district court, not appellate court, to trigger EAJA deadline); *but see Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (holding remand order met substantive requirements of sentence four, even though the order stated that

---

[2]     The sentence-four/sentence-six issue arises in the context of applications for fees under the Equal Access to Justice Act (EAJA) because the time limit for filing an application begins to run when the district court's jurisdiction ends. 28 U.S.C. § 2412(d)(1)(B). A sentence-four remand ends the district court's jurisdiction, while in a sentence-six remand, the district court retains jurisdiction. *E.g., Schaefer*, 509 U.S. at 296-99.

remand was pursuant to sentence six, and despite district court's statement that it was "not making any ruling based on the correctness of the Commissioner's decision").

In this case, the district court's order remanding the case to the agency did not pass on the merits of the Commissioner's decision. Therefore, it does not qualify under sentence four, and the case must be remanded for the district court to evaluate the merits of the administrative decision. In doing so, the court should consider whether a remand to the agency is necessary given that the ALJ did consider Ms. Tower's drug abuse and determined that she was not disabled. Therefore, *Drapeau* does not apply because it directs that an ALJ "first make a determination that the claimant is disabled[, and] then make a determination whether the claimant would still be found disabled if he or she stopped abusing [drugs]." *Drapeau*, 255 F.3d at 1214. Here, the ALJ found the claimant to be not disabled, so there need be no additional finding on whether she would still be disabled if she stopped abusing drugs.

The judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court


Michael R. Murphy
Circuit Judge