**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUBY BRIGGS,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

        Defendant-Appellee.

No. 06-7002
(D.C. No. 05-CV-145-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Ruby Briggs appeals from an order of the district court granting the

Commissioner's motion to remand this case to the agency for further

administrative proceedings. Because the remand was pursuant to sentence four of

42 U.S.C. § 405(g), the order is final and appealable and we have jurisdiction to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

consider this appeal. *See Sullivan v. Finkelstein*, 496 U.S. 617, 629-31 (1990). We vacate the order and remand the case to the district court for further proceedings consistent with this order and judgment.

## Background

Ms. Briggs, a high-school graduate, was honorably discharged from the United States Navy in 1998 for medical reasons when she was 35-years old. Prior to her service in the Navy, she served in the United States Army and is a veteran of the Gulf War. She has not worked since her discharge.

While in the military, Ms. Briggs began experiencing numerous physical ailments, including Bell's palsy, choking and difficulty swallowing, severe daily headaches, weakness in her knees due to an on-ship injury, and osteoarthritis. As a result of her deteriorating physical condition, she claims that she also began experiencing recurrent severe depression and anxiety.

In 2002, Ms. Briggs filed for social security disability benefits on the basis of her degenerative joint disease, severe depression, and anxiety. Her amended application alleged an onset date of February 4, 2000. Following the administrative denial of her application, she requested and appeared at a hearing before an administrative law judge (ALJ) in January 2004. In a decision dated July 23, 2004, the ALJ found that she was disabled and entitled to benefits as of June 1, 2003. After the Appeals Council denied her request for review of the

ALJ's denial of the earlier onset date, she filed a complaint in federal district court.

## The District Court's Order

After filing an answer, the Commissioner filed a motion requesting a remand under sentence four of 42 U.S.C. § 405(g) (a "sentence four" remand)[1] to the ALJ to reevaluate whether Ms. Briggs' mental impairments met the requirements of Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P., App. I, Listing § 12.04, or any other listed impairment at step three of the five-step sequential evaluation process as described in *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). She further requested that the ALJ undertake step four and five analyses for the period of February 4, 2000 through June 1, 2003, if necessary. Ms. Briggs opposed the request, asking instead for an outright award of benefits on the ground that she was disabled at step three as of February, 2000. Alternatively, citing bias, she argued that if the case was remanded it should be assigned to a different ALJ.

In its order, the district court found that a remand was "appropriate as to the ALJ's legal error in failing to conduct a step four or step five analysis. . . ." Aplt. App., Vol. 1, at 40. The court, however, found that the Commissioner's

---

[1] "The [district] court may remand the case after passing on its merits and issuing a judgment affirming, reversing, or modifying the [Commissioner's] decision, a sentence four remand. *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994) (quotation omitted).

motion for reconsideration at step three was "not appropriate," because the Commissioner asked for a "reevaluation" of the evidence, instead of a determination on the merits of the ALJ's step three evaluation. *Id*. at 39. The court further found that the Commissioner did not "suggest in her motion that the ALJ committed any legal error in evaluating [Ms. Briggs] alleged impairment." *Id*. at 39-40. The court also denied the request for a different ALJ, and entered judgment in favor of Ms. Briggs and against the Commissioner.

Ms. Briggs appeals the district court's denial of her request for an immediate award of benefits at step three as of February 2000. She also appeals its ruling denying her request for a new ALJ. The Commissioner argues against an immediate award of benefits or the assignment of a new ALJ, but does continue to argue for a new step-three analysis on remand on the basis that the ALJ misapplied the law concerning the severity and onset date of Ms. Briggs' disability.

We do not address the merits of the parties' arguments on appeal, because the case must be remanded to the district court for a substantive ruling on the merits of the ALJ's decision.

### Sentence Four Remand

"By statute, the district court's authority to remand a social security case is limited to three carefully delineated circumstances." *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994). One of those "carefully delineated circumstances"

is set forth in sentence four of 42 U.S.C. § 405(g), which provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing."

We have interpreted sentence four to mean that the court may remand the case only after passing on its merits and issuing a judgment affirming, reversing, or modifying the Commissioner's decision. *Nguyen,* 43 F.3d at 1403; *cf. Pettyjohn v. Shalala*, 23 F.3d 1572, 1575 (10th Cir. 1994) (EAJA attorney fees case holding that "[b]ecause the district court's order was a substantive reversal based upon the correctness of the [Commissioner's] decision, it was a sentence four remand").

In this case, the district court's order remanding the case to the agency did not pass on the merits of the Commissioner's decision, other than to order step four and five evaluations. More specifically, it never addressed the merits of the ALJ's decision concerning the severity and onset date of Ms. Briggs' disability, whether the decision was supported by substantial evidence, or whether the ALJ applied the correct legal standards at each of the five-step analyses. *See Nguyen*, 43 F.3d at 1403 (describing review standards and explaining the requirement that

district court rule on the merits.)  Therefore, it was not a proper sentence four remand. *Id.* [2]

The order and judgment of the district court are **VACATED** and we **REMAND** the case to the district court for a determination on the merits of the onset date and severity of Ms. Briggs' impairments.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[2]    Admittedly, a sentence four remand simply to reevaluate evidence is improper.  *See Nguyen*, 43 F.3d at 1403.  But despite the Commissioner's unfortunate choice of words in her motion, the district court was still required to rule on the merits, including the ALJ's step-three determination, as part of its order.