FILED
United States Court of Appeals
Tenth Circuit

September 8, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BECKY JEAN WILLIG,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant-Appellee.

No. 10-5155
(D.C. No. 4:09-CV-00470-TLW)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **O'BRIEN**, Circuit Judges.

---

Becky Jean Willig appeals from an opinion and order entered by a United

States Magistrate Judge[1] that affirmed the decision of the Commissioner of Social

Security (Commissioner) denying her application for supplemental security

income benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

§ 405(g), and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    The parties consented to the jurisdiction of the magistrate judge.

Ms. Willig claimed disability beginning in August 2006, due to fibromyalgia, headaches, carpal tunnel syndrome, and fatigue, as well as cervical problems, and mental problems, that included memory and concentration difficulties. An administrative law judge (ALJ) found that Ms. Willig retained the residual functional capacity to perform light work that required simple, routine tasks and limited interaction with the general public, and there were a significant number of jobs in the regional and national economies that she could perform. Thus, the ALJ concluded that Ms. Willig was not disabled.

In this appeal, Ms. Willig has raised the same issues she raised in the district court: (1) whether the ALJ failed to perform a proper evaluation of the opinion of her treating physician; (2) whether the ALJ failed to propound a proper hypothetical to the vocational expert; and (3) whether the ALJ improperly assessed her credibility. "We review de novo the district court's decision . . . , applying the same standards as those employed by the district court." *Nguyen v. Shalala*, 43 F.3d 1400, 1402 (10th Cir. 1994). Like the district court, our "review of the [Commissioner's] decision is limited to a determination whether [the] factual findings are supported by substantial evidence and whether . . . the correct legal standards [were applied]." *Id*.

The magistrate judge's opinion and order is thorough, well-reasoned and persuasive on each point argued again by Ms. Willig in this court. We see no

reason to repeat the same analysis, and we affirm for substantially the same reasons set forth in the opinion and order dated September 28, 2010.

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Chief Judge