FILED
United States Court of Appeals
Tenth Circuit

February 21, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DIANNA L. LEWIS,

     Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

     Defendant-Appellee.[*]

No. 16-5061
(D.C. No. 4:14-CV-00773-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **HOLMES**, **BALDOCK**, and **BACHARACH,** Circuit Judges.
_____

Ms. Dianna L. Lewis applied for disability benefits with the Social

Security Administration. Ms. Lewis could obtain these benefits only if she

was unable to perform work in the national economy. In determining

_____

[*]     Nancy A. Berryhill became the Acting Commissioner of the United
States Social Security Administration on January 20, 2017, and is
substituted for Carolyn W. Colvin as the Defendant-Appellee in this case.
_See_ Fed. R. App. P. 43(c)(2).

[**]     The parties do not request oral argument, and we do not believe that
oral argument would be helpful. As a result, we are deciding the appeal
based on the briefs. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

whether this standard was met, the administrative law judge considered an assessment by Kenneth Muckala, M.D., a physician who had treated Ms. Lewis from May 2010 to November 2011. The administrative law judge gave this assessment no weight. In doing so, however, the judge erred.

**Standard of Review**

On appeal, we engage in de novo review, applying the same standard that governed in district court. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (de novo review); *Nguyen v. Shalala*, 43 F.3d 1400, 1402 (10th Cir. 1994) (same standard as in district court). Under that standard, we have two tasks.

The first is to determine whether the administrative law judge applied the correct legal standards. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). Reversal is necessary if the administrative law judge applied an incorrect legal standard or failed to show application of the correct standard. *Id*.

Our second task is to determine whether the administrative law judge's findings were supported by substantial evidence. *Nguyen*, 43 F.3d at 1402. Reversal is necessary if the evidence did not support the administrative law judge's findings. *Hamlin*, 365 F.3d at 1214.

**Assessment of Dr. Muckala's Opinion**

The administrative law judge had an obligation to weigh Dr. Muckala's assessment based on the regulatory factors. 20 C.F.R.

§ 404.1527(c). The judge could comply by giving Dr. Muckala's assessment no weight. But if the judge did so, he would need to give reasons that were both legitimate and specific. *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).

The administrative law judge gave two reasons for rejecting Dr. Muckala's physician's assessment: (1) Dr. Muckala had written the assessment roughly sixteen months after his last examination of Ms. Lewis, and (2) the assessment had been inconsistent with other medical evidence. The first reason is facially dubious, and the second reason is too vague.

Though Dr. Muckala wrote the assessment approximately sixteen months after his last examination of Ms. Lewis, the administrative law judge failed to explain why this delay mattered. Dr. Muckala said that his assessment was based on his previous medical records, and these records showed examinations leading to diagnoses of pain and distention of the abdomen. The administrative law judge apparently agreed with these diagnoses, for he too found that Ms. Lewis was suffering from abdominal pain.

The defendant speculates that the passage of time might have proved significant if Ms. Lewis's condition had changed in the interim. But the administrative law judge did not say that Ms. Lewis's condition had changed. All we have is an observation: that Dr. Muckala wrote the assessment some sixteen months after his last examination of Ms. Lewis.

3

There is nothing in the administrative law judge's opinion stating why that delay mattered.

The administrative law judge's second reason is too vague. The judge said that Dr. Muckala's opinion was inconsistent with the medical record. Which part of the record? The judge didn't say.

This lack of specificity is confusing because Dr. Muckala found that Ms. Lewis was suffering from abdominal pain and the judge agreed. In light of this agreement on the existence of abdominal pain, we are left to speculate about the perceived inconsistencies between Dr. Muckala's assessment and the remainder of the medical record. *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (stating that the administrative law judge's reasons for assessing a treating source's medical opinion must be sufficiently specific for meaningful judicial review).

The defendant offers three possibilities: (1) the absence of test results that would explain Ms. Lewis's pain complaints, (2) inconsistency with Dr. Kratz's consultative examination, and (3) inconsistency with the opinions of two state agency physicians. But these are just possibilities; there is nothing in the opinion to suggest that the administrative law judge shared the defendant's view on these three matters. And even if this was the administrative law judge's thinking, it would not justify the outright rejection of Dr. Muckala's assessment.

4

The defendant's first possible explanation involves test results. The administrative law judge apparently did not view the test results the way that the defendant does, for the judge concluded that (1) Ms. Lewis was experiencing abdominal pain and (2) this pain could reasonably be expected to cause the alleged symptoms.

The defendant also points to Dr. Kratz's records. Dr. Kratz examined Ms. Lewis and found chronic abdominal pain, swelling, nausea, vomiting, hematuria, hematochezia, and gastroesophageal reflux disease. Which limitations from these impairments were inconsistent with what Dr. Muckala had found? The administrative law judge did not say, and the defendant does not offer any possibilities.

Finally, the defendant points to the opinions of two state agency physicians. But the administrative law judge assigned their opinions little weight.

\* \* \*

The administrative law judge had to give specific, legitimate reasons to reject Dr. Muckala's assessment. The judge gave two reasons. One was facially dubious, and the other was too vague. As a result, we conclude that the administrative law judge failed to adequately explain his rejection of Dr. Muckala's assessment.

**Credibility**

Ms. Lewis challenges not only the weighing of Dr. Muckala's assessment but also the weighing of Ms. Lewis's credibility. We reject some of these challenges, but we question the administrative law judge's characterization of Ms. Lewis's work record as poor.

Ms. Lewis testified that she had stopped working in 2010 because of pain, swelling, vomiting, and fever. The administrative law judge acknowledged that Ms. Lewis was experiencing some pain, but discounted her credibility based on

- inconsistences in her account of her daily activities,

- absence of pain medication, and

- the existence of a poor work record.

The first two explanations are valid, but we question the third.

The inconsistencies here are readily apparent. Ms. Lewis testified that she spent most days lying in bed or in a recliner. But she elsewhere described her regular activities to include housekeeping and some strenuous activity as long as she could take frequent breaks.

On appeal, Ms. Lewis argues that her daily activities did not constitute substantial gainful activity. But no one questions that. The administrative law judge's point was that Ms. Lewis had given inconsistent accounts about her daily activities. That inconsistency could bear on Ms. Lewis's credibility. *See* 20 C.F.R. § 404.1529(c)(4).

6

An administrative law judge could consider not only the inconsistency but also the absence of pain medication. When a claimant alleges excruciating pain but is not taking pain medication, an administrative law judge can often reasonably infer that the claimant is exaggerating. *See Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000).

To draw this inference, an administrative law judge must consider the claimant's explanation. Social Security Ruling 96-7p, 1996 WL 374186, at *7-8 (1996). Ms. Lewis offered an explanation, stating that she could not afford pain medication. But the administrative law judge did not have to credit this explanation, for Ms. Lewis had declined (1) prescriptions for pain medications while accepting other medications (Celexa and Reglan) and (2) an offer to send her home with pain medication. Thus, we do not fault the administrative law judge for drawing adverse inferences based on the fact that Ms. Lewis was not taking pain medication.

In discounting Ms. Lewis's pain complaints, the administrative law judge offered a third explanation: "a poor work record." Appellant's App'x, vol. I, at 23. The district court found that this explanation was not supported by substantial evidence, and the defendant does not defend this part of the administrative law judge's explanation. We too struggle to understand why the administrative law judge regarded Ms. Lewis's work record as poor, for she had consistent work-related income from 1983 to 2010 except for a single year (1989).

7

Though we are uncertain why the administrative law judge regarded Ms. Lewis's work record as poor, we need not decide if this explanation constituted reversible error. Reversal and remand are necessary based on the absence of specific, legitimate reasons to reject Dr. Muckala's opinion.

The administrative law judge may decide to reconsider Ms. Lewis's credibility based on Dr. Muckala's assessment. But if the administrative law judge continues to discount Ms. Lewis's credibility based on a poor work record, the judge should (1) specify why he regards the work record as poor and (2) tie that finding to the record.

* * *

Reversed and remanded for further proceedings consistent with this order and judgment.

Entered for the Court


Robert E. Bacharach
Circuit Judge