**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**OCT 30 2001**

**PATRICK FISHER**
**Clerk**

GEORGE A. GUY,

       Plaintiff-Appellant,

v.

LARRY G. MASSANARI, [*] Acting
Commissioner of the Social Security
Administration,

       Defendant-Appellee.

No. 00-6148
(D.C. No. 98-CV-1392-R)
(W.D. Okla.)

**ORDER AND JUDGMENT** [**]

Before **HENRY** , **ANDERSON** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    On March 29, 2001, Larry G. Massanari became the Acting Commissioner of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Massanari is substituted for Kenneth S. Apfel as the appellee in this action.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

We initially ordered the parties to brief whether we have jurisdiction over this appeal in light of the district court's remand of this case to the Commissioner for further proceedings.  However, because    this is a sentence four remand,    see 42 U.S.C. § 405(g), the order was final and appealable and we have jurisdiction to consider the appeal.    See Sullivan v. Finkelstein   , 496 U.S. 617, 629 (1990).

Mr. Guy alleged disability as of September 30, 1991,    due to arthritic impairments to his hip and knee.  The administrative law judge (ALJ) determined that Mr. Guy was not entitled to benefits as he could perform the full range of sedentary work.

Mr. Guy, proceeding pro se, then commenced this action in district court seeking review of the Commissioner's determination.  The district court held that the ALJ had employed an incomplete analysis to conclude that Mr. Guy could perform the full range of sedentary work.  The court determined that the ALJ should not have relied on the grids, but should have admitted testimony from a vocational expert.  Further, the court concluded that the ALJ did not consider all the relevant factors in analyzing Mr. Guy's credibility and the extent of his pain. The court ordered a remand for further consideration of this case.

Mr. Guy appeals arguing that the district court should not have ordered a remand, but should have awarded immediate benefits. Mr. Guy claims he is disabled at step three of the five-step analysis. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).

"We review de novo the district court's decision to reverse the [Commissioner], applying the same standards as those employed by the district court."[1] Nguyen v. Shalala, 43 F.3d 1400, 1402 (10th Cir. 1994). We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

---

[1] Appellee, citing an unpublished order and judgment, states that we should review this appeal for an abuse of discretion. While we review the district court's decision on a motion to remand for abuse of discretion, see Wainwright v. Sec'y of Health & Human Servs., 939 F.2d 680, 682 (9th Cir. 1991), here no such motion was extant. Rather, the district court reviewed the record and determined that a remand was required. Under these circumstances, we employ the standard of review stated above.

-3-

We have reviewed the record in light of the parties' briefs and the applicable law. We agree with the district court that the ALJ did not properly evaluate Mr. Guy's impairments and credibility. While we can award immediate benefits where the record supports that result, see Sorenson v. Bowen, 888 F.2d 706, 713 (10th Cir. 1989), here it would be inappropriate for us to usurp the role of the fact finder and make the initial determination of whether Mr. Guy should be awarded benefits. Further, the ALJ may determine that it is necessary to obtain additional evidence on remand.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Mr. Guy's motion to stay proceedings is DENIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-4-