**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GEORGE A. GUY,

       Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

       Defendant - Appellee.

Nos.  02-6166 & 02-6210
(D.C. No. CIV-01-399-R)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**   *

---

Before  **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In case No. 02-6166, plaintiff George A. Guy appeals the dismissal of his claims by the district court for want of subject matter jurisdiction. In case No. 02-6210, Mr. Guy appeals the district court's order denying his application to proceed on appeal in forma pauperis. We affirm the district court in both matters.

This matter began when Mr. Guy applied for Social Security benefits, alleging disability due to arthritic impairments to his hip and knee. After his application was denied by the administrative law judge (ALJ) and the Appeals Council denied review, Mr. Guy initiated an action for review in the district court (the 1998 case). That court ordered a remand for further consideration, and Mr. Guy appealed to the Tenth Circuit, arguing that the district court should not have remanded but, instead, should have awarded immediate benefits.

While his appeal was pending in this court, the Appeals Council, in an order dated April 5, 2000, remanded the case to the ALJ. Despite having been repeatedly informed by Mr. Guy's representative that an appeal of the district court's remand order was pending in this court, the ALJ issued an order of dismissal dated September 29, 2000, which incorrectly informed Mr. Guy of his appeal rights. When Mr. Guy attempted to appeal the ALJ's order of dismissal, the Appeals Council issued a letter informing Mr. Guy that the cover letter to the ALJ's September 29, 2000 decision incorrectly described his appeal rights and that if he wished to contest that dismissal he needed to file a new civil action in

the district court. Relying on this advice, Mr. Guy filed a new complaint in the district court (the 2001 case), requesting some of the same relief he had asked for in the 1998 case, and attempting to appeal the Appeals Council's letter and the ALJ's order of dismissal. The district court referred the 2001 case to a magistrate judge who recommended dismissing the case for lack of jurisdiction. Accepting this recommendation, the district court dismissed Mr. Guy's 2001 case for lack of subject matter jurisdiction, and Mr. Guy appeals.

On September 20, 2001, after Mr. Guy had filed the 2001 case, the Appeals Council vacated its April 5, 2000 remand order to the ALJ, thus negating any administrative action taken while the 1998 case was on appeal to this court including its own orders and those of the ALJ. On October 30, 2001, a panel of this court affirmed the district court's remand of the 1998 case. *Guy v. Massanari*, No. 00-6148, 2001 WL 1334390 (10th Cir. Oct. 30, 2001), *cert. denied*, 123 S. Ct. 257 (2002).

"We review a district court's dismissal for lack of subject matter jurisdiction de novo." *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1292 (10th Cir. 2001). A district court "lacking jurisdiction cannot render judgment but must dismiss [when] it becomes apparent that jurisdiction is lacking." *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 844 (10th Cir. 1988) (quotation omitted). As both the magistrate judge and the district judge have explained, the Appeals

Council's September 20, 2001 order vacated its earlier April 5, 2000 remand order. This court then affirmed the order of the district court in the 1998 case remanding it back to the agency for further consideration. Because the agency's review process has not yet been completed, there is no final order within the meaning of 42 U.S.C. § 405(g) upon which to invoke the district court's subject matter jurisdiction. A federal court has jurisdiction over a Social Security case only when the administrative review process has been completed. *See* 20 C.F.R. § 416.1400(a)(5). The district court was thus correct to dismiss this case.

In his appeal, Mr. Guy makes several arguments which we may not reach. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quotation omitted).

We can, however, note our total agreement with the frustration expressed by the magistrate judge over the agency's handling of this matter:

> Plaintiff repeatedly advised the ALJ that his case was pending on appeal before the Tenth Circuit and was therefore not ripe for administrative proceedings. Nevertheless, the ALJ proceeded with the administrative hearing and ultimately ordered the case dismissed. Thereafter, when Plaintiff attempted to appeal the dismissal, the Appeals Council advised Plaintiff that he could obtain a judicial review of that dismissal by filing a new civil action, at which time he brought this action. Thus, it appears to the undersigned that the considerable time and effort expended on this matter could have been avoided had the ALJ and the Appeals Council given reasonable

consideration to the record and the information provided to them by Plaintiff.

R. doc. 27, at 6 n.3.

In case No. 02-6166, the judgment of the United States District Court for the Western District of Oklahoma dismissing the 2001 case for lack of subject matter jurisdiction is AFFIRMED. In case No. 02-6210, Mr. Guy's motion to add an argument to his appeal is GRANTED, and the appeal of the district court's denial of in forma pauperis status on appeal is AFFIRMED. To the extent Mr. Guy renews his request for IFP in this court, that request is similarly DENIED. Mr. Guy has failed to present a reasonable nonfrivolous argument rebutting the district court's conclusion that it lacked subject matter jurisdiction. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (applying 28 U.S.C. § 1915).

Entered for the Court


Bobby R. Baldock
Circuit Judge