# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

GABRIEL M. MARTINEZ,

       Plaintiff-Appellant,

v.

No. 04-2259

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

       Defendant-Appellee.

ORDER
Filed April 25, 2006

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

The motion filed by the Commissioner of the Social Security Administration to publish the order and judgment filed in this matter on January 24, 2006 is GRANTED. The published opinion is filed nunc pro tunc to that date, and a copy is attached.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By:
  Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

GABRIEL M. MARTINEZ,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

       Defendant-Appellee.

No. 04-2259

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
### (D.C. No. CIV-03-500 JH/RLP)

Submitted on the briefs:

Helen Laura Lopez, Santa Fe, New Mexico, for Plaintiff-Appellant.

David C. Iglesias, United States Attorney, Cynthia L. Weisman, Assistant United States Attorney, Tina M. Waddell, Regional Chief Counsel, Michael McGaughran, Deputy Regional Chief Counsel, Katauna J. King, Assistant Regional Counsel, Office of the General Counsel, Region VI, Social Security Administration, Dallas, Texas, for Defendant-Appellee.

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

**PORFILIO**, Circuit Judge.

Plaintiff-appellant Gabriel M. Martinez appeals from the order entered by the district court affirming the Social Security Commissioner's decision denying his applications for disability insurance benefits and supplemental security income benefits under the Social Security Act. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm. [1]

**I.**

Mr. Martinez filed applications for DIB and SSI on May 27, 1998, alleging an onset date of May 15, 1998. An administrative hearing regarding his claims was held by an Administrative Law Judge who found Mr. Martinez disabled and awarded benefits. Subsequently, the Division of Disability Quality Operations referred the claim to the Appeals Council for review. After its consideration, the Appeals Council notified Mr. Martinez of its intent to remand his case to the ALJ for additional proceedings. On October 23, 2001, it vacated the ALJ's decision and remanded the matter for additional proceedings.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

A new ALJ conducted a second hearing, rendering her decision six months later. Although she found Mr. Martinez not entirely credible, the second ALJ found that he is impaired by degenerative joint disease of the knees and lumbar spine, chronic major depression, and borderline intellectual functioning, but that he does not suffer from a listing level impairment. She also found that although Mr. Martinez could not return to his past relevant work, he had the residual functional capacity to perform work identified by a vocational expert that is available in significant numbers in the national economy. The Appeals Council subsequently declined to assume further jurisdiction over Mr. Martinez's case, making the last ALJ decision the final decision of the Commissioner.

Mr. Martinez appealed to the district court which referred the matter to a magistrate judge. The magistrate judge subsequently recommended that the ALJ's decision denying benefits be affirmed. After considering Mr. Martinez's objections, the district court adopted the recommended disposition and dismissed the case. This appeal followed.

Because the Appeals Council denied review, the last ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). In reviewing that decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Instead,

-3-

we review the decision only to determine whether the ALJ applied the correct legal standards and whether her factual findings are supported by substantial evidence in the record. *See Doyal*, 331 F.3d at 760.

## II.

In this appeal, Mr. Martinez is requesting that we reverse the last ALJ decision and remand this matter to the Commissioner based on four arguments. First, he contends the Appeals Council erred because its "reversal of the original favorable ALJ decision, which included a credibility assessment, improperly invaded the ALJ's province." Second, he argues the Appeals Council erred during the second administrative appeal because it failed to articulate an analysis showing the opinions of his treating physician, Dr. Olivares, were not supported by his treatment records. Third, he asserts the second ALJ erred by failing to sufficiently develop the administrative record. Fourth, he argues the ALJ erred by failing to perform a proper residual functional capacity assessment. We conclude the first two arguments are without merit, and that Mr. Martinez waived the third and fourth arguments by failing to properly preserve them during the district court proceedings.

### A. Appeals Council's Remand Order.

After reviewing the parties' initial appellate briefs, we concluded they had not adequately addressed the issue of whether this court has subject matter

jurisdiction to review the remand order entered by the Appeals Council on October 23, 2001. We directed the parties to file supplemental briefs addressing the issue.

In his supplemental brief, Mr. Martinez states, "the review sought is of the second hearing decision, not the first nor the remand order by itself." He therefore concedes we do not have subject matter jurisdiction under 42 U.S.C. § 405(g) to review the propriety of the Appeals Council's remand order, or, more particularly, its determination that the first ALJ's decision was not supported by substantial evidence. The concession is appropriate. *See Weeks v. Soc. Sec. Admin. Comm'r*, 230 F.3d 6, 7, 8 (1st Cir. 2000) (noting that the governing agency regulations "draw a clear distinction between a 'decision' and a 'remand' in this context," and concluding that "an order of the Appeals Council vacating an ALJ's recommended decision and remanding for further proceedings is ordinarily not an appealable final decision"). In addition, while "a different result might obtain where the Appeals Council's action is challenged on constitutional . . . grounds," *id.* at 8 n.1, Mr. Martinez has made no such challenge here.

Mr. Martinez has not completely abandoned his challenge to the Appeals Council's remand order, however, as he persists that the Council's remand order was procedurally deficient and in violation of the rule established by this court in *Williams v. Bowen*, 844 F.2d 748 (10th Cir. 1988). According to Mr. Martinez:

The second ALJ was ordered to, and bound to give "further consideration to the claimant's maximum residual functional capacity," being bound to adhere to the Council's opinion of the insufficiency of the above evidence. That evidence is clearly and plainly a fact-finder's province. It is squarely inconsistent with the rule of *Williams* [] to have the Appeals Council second guess those factually based findings.

The second ALJ could theoretically have, as fact finder, found additional facts over and above those found by [the first ALJ], and dismissed by the Council. She did not, and rendered her final, reviewable decision with the Council's improper delimitation of evidence as part of the decision and of this record.

These arguments are without merit. First, our decision in *Williams* is limited to the situation where the Appeals Council enters a final decision reversing an ALJ's award of social security benefits and has no applicability in the context of a remand order. *See Williams*, 844 F.2d at 749-50, 754 (setting forth standard of review for cases where the Appeals Council enters a final decision reversing an ALJ's award of benefits).

Second, the governing regulations grant the Appeals Council the specific power to "make a decision or remand the case to an administrative law judge," and the Appeals Council has the authority to "affirm, modify or reverse the administrative law judge hearing decision or it may adopt, modify or reject a recommended decision." 20 C.F.R. § 404.979; *see also* 20 C.F.R. § 404.970(a)(3) (providing that Appeals Council will review a case if "[t]he action, findings or conclusions of the administrative law judge are not supported by substantial

-6-

evidence"); 20 C.F.R. § 404.977(a) (providing that Appeals Council may remand a case "in which additional evidence is needed or additional action by the administrative law judge is required"). Given these broad powers, it is clear that the Appeals Council may review and remand a case if, among other things, it determines that an ALJ's credibility findings are not based on substantial evidence, and that is exactly what occurred here.

Finally, we reject Mr. Martinez's argument that the Appeals Council's remand order limited the scope of the proceedings before the second ALJ and required the latter to make a finding that he was not disabled. To the contrary, although the Appeals Council determined that the first ALJ's disability determination was not supported by substantial evidence, it did not in any way dictate a particular result on remand. Instead, the Appeals Council's only specific instructions to the second ALJ were for the latter to: (1) "[g]ive further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations;" and (2) "[o]btain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." The Appeals Council also directed the second ALJ in general terms to "offer the claimant an opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." Contrary to Mr. Martinez's

assertions, these instructions did not require any particular result on remand, as the second ALJ was fully authorized to award benefits to Mr. Martinez if such an award was supported by the administrative record developed on remand.

**B. Dr. Olivares' Listing Opinion and Treatment Records.**

During the course of the remand proceedings, one of Mr. Martinez's treating physicians, Dr. Melaquias Olivares, a family practitioner, forwarded a letter to his counsel. In his letter, Dr. Olivares stated that Mr. Martinez "suffers from multiple body system conditions which . . . are secondary to electrical shock injuries," and he concluded that Mr. Martinez was "totally incapacitated from performing any type of employment." Dr. Olivares also stated that Mr. Martinez's back problems and symptoms met the requirements for the step-three listing for disorders of the spine. Specifically, with regard to Mr. Martinez's back problems, Dr. Olivares "confirmed muscle spasm in [Mr. Martinez's] neck and upper back [with] a diagnosis of chronic myalgia and arthalgias." He added Mr. Martinez's injuries "could have caused his vertebrogenic disorder [that] will be expected to last indefinitely." Dr. Olivares also opined Mr. Martinez had qualifying "disorders of the spine."

In her decision on remand, the second ALJ concluded at step three of the five-step sequential evaluation process for determining disability that Mr. Martinez's "impairments neither meet nor equal the severity of any listed

impairment." With regard to Mr. Martinez's back impairment, the ALJ

specifically concluded:

> The Listing section applicable to the claimant's condition of his lumbar spine is Listing 1.04, regarding disorders of the spine. The requirements of Listing 1.04 are not met or approached because despite the presence of degenerative disc disease of his lumbar spine at L3 to S1, and T9-10, as established by magnetic resonance imaging ("MRI") scans (Exhibit 10F, at 25), there is no documented evidence of nerve root compression. For example, when examined by F. Miller, M.D. at the request of the Administration on September 15, 1998, his back showed no evidence of spasm. He had full range of motion (Exhibit 2F, at 2). Sensory and motor examination of his lower extremities were within normal limits (Id.). His treating source with Health Centers of Northern New Mexico Las Vegas Clinic, J.T. Swoboda, M.D. noted the clamant to have good muscle tone, mobility, and no focal tenderness of his spine in October 1999 (Exhibit 10F, at 13), with only the presence of modest paraspinous spasm (Id.). In April 2000, the claimant's lumbar spine had some decreased range of motion, but no documented evidence of sensory or motor loss, or the presence of neuroanatomic pain complaints (Exhibit 10F, at 4). In February 2000, the claimant is described as wearing a back brace (Exhibit 10F, at 1); however, again the claimant's treating source does not document the presence of a neuroanatomic distribution of pain, muscle atrophy, motor or sensory abnormalities (Id.). In June 2001, the claimant's therapist for his depression notes the claimant was walking well, an observation confirmed by the claimant (Exhibit 13F, at 31).

> In striking comparison to all of the medical evidence in the record regarding the objective findings concerning the claimant's spine is the letter of M. Olivares, M.D. to the claimant's attorney, N.A. Richards dated May 22, 2002 (Exhibit 14F). Dr. Olivares reports [he] has treated the claimant since July 3, 2001; nonetheless, none of [his] treatment notes were submitted to corroborate [his] statements or document[] any of the physical findings [he] alludes to in this report. For example, Dr. Olivares states the claimant "has both pain muscle spasm and significant limitation of motion in his spine and significant motor loss and muscle weakness and sensory/reflex loss"

(Exhibit 14F, at 3). I am unable to afford any credit to these reported limitations because they are not corroborated by any supporting treatment records and [his] statements are inconsistent with the other reports of treating sources in the record as outlined above.

In this appeal, Mr. Martinez is not challenging the ALJ's rejection of Dr. Olivares' opinions regarding his back impairment. Instead, he claims the Appeals Council erred during the second administrative appeal because the Appeals Council failed to address whether Dr. Olivares' treatment records submitted to the Council, undercut the second ALJ's rejection of Dr. Olivares' opinions.

Mr. Martinez's argument is without merit. The pertinent regulation concerning new evidence submitted to the Appeals Council provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b).

Here, the Appeals Council did not specify whether Dr. Olivares' treatment records qualified as new, material, and chronologically relevant. It did, however, state that the treatment records were being made a part of the record. We interpret this statement as an implicit determination Mr. Martinez had submitted

-10-

qualifying new evidence for consideration. As a result, the Appeals Council was required to "consider" Dr. Olivares' treatment records as part of its "evaluat[ion of] the entire record" to determine whether to "review the case." 20 C.F.R. § 404.970(b). Mr. Martinez contends that the Appeals Council failed to do so, and that a remand is therefore necessary.

We disagree. The Appeals Council stated it "considered the contentions submitted in connection with the request for review, as well as the additional evidence identified on the attached Order of the Appeals Council." The "additional evidence" was described on the attached order as "[t]reatment notes from Mel Olivares, M.D., dated from July 2001 to April 2002 (8 pages)." The Appeals Council concluded, however, "neither the contentions nor the additional evidence provide a basis for changing the Administrative Law Judge's decision." As a result, we conclude that the Appeals Council adequately "considered . . . the additional evidence," *id.*, meaning that it "evaluate[d] the entire record including the new and material evidence submitted," 20 C.F.R. § 404.970(b).

Mr. Martinez also argues, however, that the Appeals Council should have specifically discussed the effect of Dr. Olivares' treatment records on the second ALJ's decision, in light of the record as a whole. While an express analysis of the Appeals Council's determination would have been helpful for purposes of judicial review, Mr. Martinez points to nothing in the statutes or regulations that

would require such an analysis where new evidence is submitted and the Appeals Council denies review. We therefore reject Mr. Martinez's contention that the Appeals Council erred by failing to specifically discuss Dr. Olivares' treatment records.

Because the Appeals Council "considered" Dr. Olivares' treatment records, the records are a "part of the administrative record to be considered [by this court] when evaluating [the ALJ's] decision for substantial evidence." *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994); *accord Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). We must therefore consider the entire record, including Dr. Olivares' treatment records, in conducting our review for substantial evidence on the issues presented.

Having done so, we agree with the Appeals Council that Dr. Olivares' treatment records do not undercut the ALJ's finding that Dr. Olivares' opinions regarding Mr. Martinez's back impairment are not supported by substantial evidence in the record. As noted by the district court, although the treatment records show that Dr. Olivares saw Mr. Martinez on eight occasions, "none of the treatment notes revealed an examination of his lumbar or thoracic spine, and . . . on many of the visits, there was no report of back pain in the records." In addition, as noted by the magistrate judge, none of the treatment records refer to any of the "objective medical criteria required by Listing § 1.04C." Thus, we

agree with the magistrate judge that "had Dr. Olivares' treatment notes been available to [the ALJ], [they] would not have altered her finding that Plaintiff did not establish the medical criteria necessary for a finding of disabled under Listing § 1.04C."

## C. Waived Issues.

As noted above, in his opening brief, Mr. Martinez argues that the second ALJ erred by failing to sufficiently develop the administrative record and by failing to perform a proper residual functional capacity assessment. However, because Mr. Martinez failed to raise these issues in the objections that he filed to the magistrate judge's recommended disposition, the issues are waived. Accordingly, we do not need to consider them. *See Berna v. Chater*, 101 F.3d 631, 632-33 (10th Cir. 1996); *Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996). Moreover, we see no reason for excusing Mr. Martinez's waiver based on the interests of justice. *See Soliz* 82 F.3d at 376.

The judgment of the district court is AFFIRMED.