**UNITED STATES COURT OF APPEALS**

**August 13, 2008**

**FOR THE TENTH CIRCUIT**

MANUEL T. MARTINEZ,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant-Appellee.

No. 08-2008
(D.C. No. 2:06-CV-01217-KBM)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Manuel T. Martinez appeals from an opinion and order entered by a United

Magistrate Judge[1] affirming the decision of the Commissioner of Social Security

(Commissioner) denying his application for disability insurance benefits and

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    The parties consented to the jurisdiction of the magistrate judge.

supplemental security income.  We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

I

Mr. Martinez was injured in an automobile accident in April 2001, when he was twenty-seven years old.  Prior to the accident, Mr. Martinez – who has an eighth grade education – worked variously as a glass repairer and grocery stocker, which required heavy lifting.  In October 2001, he applied for benefits claiming disability from the time of the accident based on alleged permanent neck and back strain with chronic pain, tingling in his arms and legs, and post-traumatic tension headaches.  The medical records also revealed problems with depression and anxiety.

Following the administrative denial of his claim, he appeared at an evidentiary hearing before an administrative law judge (ALJ) in October 2005.  In his March 2006 decision, the ALJ denied the claim at step five of the sequential-evaluation process, *see Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988), finding that Mr. Martinez's allegations of the severity of his symptoms were not credible and that he retained the residual functional capacity for light, unskilled work, including work as a laundry folder or food assembler.  His request for review was denied by the Appeals Council, and the magistrate judge affirmed the Commissioner's decision.  This appeal followed.

II

"We review the Commissioner's decision to determine whether the correct legal standards were applied and whether the Commissioner's factual findings are supported by substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). We "may neither reweigh the evidence nor substitute our judgment for that of the agency." *Id.* (quotation omitted).

III

The first contention of error is the ALJ's failure to adequately develop the record. In particular, Mr. Martinez asserts that in order to properly evaluate the effects of his head trauma, the ALJ should have referred him for a consultative examination. To be sure, "where there is a direct conflict in the medical evidence requiring resolution or where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim." *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997) (citations omitted). But these are not the facts of this case. First, Mr. Martinez does not cite to any conflicting medical evidence and we cannot find any such evidence either. Second, the record contains two reports from a consulting psychiatrist who evaluated Mr. Martinez's cognitive abilities and concluded that he retained the ability to "follow and understand directions" and "attend to simple tasks." Aplt. App., Vol. III at 264, *see also id.* at 311. Again, Mr. Martinez fails to explain why this evidence was inconclusive.

IV

The next contention of error concerns the ALJ's failure to specifically mention and discuss the records from the emergency room where Mr. Martinez was treated several hours following the accident and the records from Michael Rozenblum, a chiropractor who treated him during the first few months after the accident. According to Mr. Martinez, "the ALJ should have addressed [these] medical records as they corroborated and were consistent with persistent complaints of post concussive symptoms and physical restrictions which are relevant to [his] chronic impairment." Aplt. Op. Br. at 18.

"[A]n ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citation omitted).

We address first the emergency room records. The accident happened in the early morning hours of April 21, 2001. Mr. Martinez was examined at the scene by emergency personnel and went home; however, several hours later he presented himself at the emergency room where he complained of "back, neck [and] shoulder pain." Aplt. App., Vol. II at 168. He also reported that "he began to have dizzy spells when laying down." *Id*. He told hospital personnel that he lost consciousness at the scene. His diagnosis on discharge was "neck strain."

*Id.* The ALJ discussed the fact that Mr. Martinez was claiming disability arising from, among other things, injuries to his head, neck, and back that he sustained in the accident. As such, there was no need to rely on the emergency room records to establish these facts. Moreover, these records are not probative as to the severity of any of his alleged impairments.

Similarly, the records from Dr. Rozenblum contain Mr. Martinez's complaints of migraine headaches, a condition that the ALJ acknowledged was claimed as a disability. Further, these records are not probative because they relate to chiropractic diagnoses and treatments for his neck and back – not headaches.

V

Following the ALJ's decision dated March 7, 2006, and while the case was under review, Mr. Martinez's lawyer submitted a report dated January 13, 2006, to the Appeals Council for its consideration. He argues that the Appeals Council was required to specifically discuss the report in its notice that denied his request for review. We disagree. 20 C.F.R. § 404.970(b) provides:

> The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

The Appeals Council stated that it "considered the reasons [Mr. Martinez] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council," Aplt. App., Vol. II at 4, which included the January 13, 2006 report, and concluded there was no basis for changing the ALJ's decision. Under these circumstances, "the Appeals Council adequately 'considered . . . the additional evidence,' meaning that it 'evaluate[d] the entire record including the new and material evidence submitted," *Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006) (quoting 20 C.F.R. § 404.970(b) (alteration in original) (citation omitted). There is "nothing in the statutes or regulations that . . . require[s] [a specific] analysis where new evidence is submitted and the Appeals Council denies review." *Id.* at 1208.

VI

Finally, Mr. Martinez argues that the ALJ's failure to make specific findings about the severity of his alleged impairments at step two of the five-step sequential-evaluation process, *see Williams*, 844 F.2d at 750, requires that the case be remanded. Again, we disagree. This argument might have merit if the ALJ had failed to discuss the impairments at any other step in the sequential-evaluation process; however the decision discusses in detail the effect of each alleged impairment. This omission is harmless error. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 730, 733-34 (10th Cir. 2005) (holding that an ALJ's

-6-

factually-substantiated findings at other steps of the sequential-evaluation process provide a proper basis for upholding a step-three the decision).

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge