**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREGGORY A. LYNN,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

     Defendant - Appellee.

No. 15-5031
(D.C. No. 4:13-CV-00596-GKF-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This appeal grew out of the Social Security Administration determination

that the plaintiff, Mr. Greggory A. Lynn, was not disabled. This determination

was initially made by an administrative law judge after hearing Mr. Lynn's

evidence. Dissatisfied with the administrative law judge's determination, Mr.

Lynn sought review by the Social Security Administration's Appeals Council and

---

[*]    The parties have not requested oral argument, and the Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

presented new evidence. The Appeals Council considered the evidence, but declined to review the administrative law judge's determination. Mr. Lynn sought further review in federal district court. The court affirmed the denial of benefits and Mr. Lynn appeals, arguing that

- the Appeals Council and the district court failed to properly consider the new evidence and

- the administrative law judge erroneously failed to consider some of Mr. Lynn's impairments, to properly evaluate Mr. Lynn's ability to reach, to find that the number of available jobs was insignificant, and to make proper credibility findings.

We reject these arguments and affirm.

## I.      Standard of Review

We exercise de novo review over the district court's ruling, considering the same question presented in district court. *Fischer v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). That question is whether the Social Security Administration applied the correct legal standards and made factual findings supported by substantial evidence. *Nguyen v. Shalala*, 43 F.3d 1400, 1402 (10th Cir. 1994).

## II.      The Appeals Council properly considered the newly submitted evidence.

When seeking review by the Appeals Council, Mr. Lynn submitted an evaluation form completed by a treating physician (Dr. Joshua Livingston). In the form, Dr. Livingston opined that Mr. Lynn could not work full-time because of severe, ongoing pain. According to Mr. Lynn, both the Appeals Council and

2

district court failed to properly consider the evaluation form. We reject this argument.

Mr. Lynn first argues that the Appeals Council inadequately discussed the newly submitted evidence. This challenge is invalid.

The Appeals Council said that it had considered the new evidence and determined that it did not provide a basis for changing the administrative law judge's decision. Appellant's App'x, vol. II at 1-2. This statement sufficiently addressed the new evidence, for we held in *Martinez v. Barnhart*, 444 F.3d 1201 (10th Cir. 2006), that the Appeals Council had no obligation to explain how it analyzed new evidence. *Id.* at 1208. There we held that the Appeals Council satisfied its obligation by stating that it had considered the additional evidence and that it did not provide a basis for changing the administrative law judge's decision. *Id.* at 1207-08.

Mr. Lynn attempts to distinguish *Martinez* on the basis that the new evidence in *Martinez* involved only treatment records and that the new evidence here relates to functional limitations. But *Martinez* does not turn on the nature of the new evidence. Instead, the opinion turns on the absence of any legal requirement for the Appeals Council to discuss the effect of the newly submitted evidence: "While an express analysis of the Appeals Council's determination would have been helpful for purposes of judicial review, [the plaintiff] points to

3

nothing in the statutes or regulations that would require such an analysis where new evidence is submitted and the Appeals Council denies review." *Id.* at 1207-08.

Mr. Lynn also challenges the review in federal district court. According to Mr. Lynn, the district court failed to properly weigh Dr. Livingston's opinion given the pertinent regulatory factors. This argument reflects confusion over what we are reviewing. Though we are ostensibly reviewing the district court's ruling, our review is de novo. *See* p. 2, above. In exercising de novo review, we independently determine whether the agency erred. *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001). Because we are independently reviewing the agency's determination, not the district court's, any alleged error on the part of the district court would not require reversal.

## III. The administrative law judge did not fail to consider Mr. Lynn's impairments.

Mr. Lynn argues that the administrative law judge failed to consider impairments involving vision, finger numbness, and walking. We reject these arguments.

### A. The Legal Requirement

As Mr. Lynn argues, the administrative law judge had an obligation to consider all of the medically determinable impairments. *Salazar v. Barnhart*, 468

4

F.3d 615, 621 (10th Cir. 2006). The sole question here is whether the administrative law judge complied with this requirement.

**B.     The administrative law judge properly considered the alleged vision impairment.**

Mr. Lynn testified that he experienced vision problems involving blurriness and double vision. The administrative law judge accurately recounted this testimony, noting that Mr. Lynn had two conditions which diminished his vision: nuclear sclerosis (cataracts) and background diabetic retinopathy.

The administrative law judge did not ignore the vision problems. Instead, the judge acknowledged that nuclear sclerosis and background diabetic retinopathy could reasonably cause the alleged vision problems. The judge then did what the federal regulations require: he assessed Mr. Lynn's credibility about the extent of his vision problems based on these conditions.

In making this assessment, the administrative law judge referred to four aspects of the medical evidence:

1.      A consultative opthalmologist, Dr. Hanson, noted that Mr. Lynn was able to navigate throughout the office without assistance.

2.      An external examination of the eyes was normal.

3.      A funduscopic examination was normal except for background diabetic retinopathy.

4.      One vision test showed a normal field of vision.

5

In discussing these four aspects of the medical record, the administrative law judge satisfied his obligation to consider the alleged vision impairment.

**C. The administrative law judge properly considered numbness in the fingers.**

According to Mr. Lynn, the administrative law judge also failed to consider finger numbness. We disagree.

Mr. Lynn testified that the numbness prevented him from frequently using his hands. The administrative law judge questioned this testimony, reasoning that the medical record did not reflect a cause for the numbness. Mr. Lynn challenges this reasoning, arguing that the numbness could be traced to diabetic neuropathy and osteoarthritis. But the record does not tie the finger numbness to diabetic neuropathy or osteoarthritis. As a result, we reject Mr. Lynn's argument involving a failure to discuss the finger numbness.

**D. The administrative law judge properly considered the difficulty in walking.**

Mr. Lynn testified that he needed a cane to walk and argued that this testimony was improperly discounted. We disagree, for the administrative law judge did account for the need to use a cane, finding that Mr. Lynn was limited to work that allowed him to sit most of the day. The difficulty in walking was not ignored; to the contrary, it was included in the administrative law judge's assessment.

6

**IV.    The administrative law judge did not err in assessing the ability to reach.**

In assessing what Mr. Lynn could do with his impairments, the administrative law judge found that Mr. Lynn could work so long as he did not work above the shoulder level. Mr. Lynn argues that this assessment was not strict enough because medical evidence demonstrated a reduced range of motion in his right shoulder.

Dr. Hopper found that Mr. Lynn could reach with his shoulder up to 120 degrees, had a normal ability to adduct and rotate his right shoulder, and could elevate the right shoulder up to 120 degrees. The administrative law judge adequately accounted for this evidence in finding that Mr. Lynn could work so long as he did not work above the shoulder level.

**V.    The administrative law judge did not err in finding that the number of available jobs was significant.**

The administrative law judge found that there were 700 jobs available in Mr. Lynn's region and 24,900 jobs available throughout the nation, concluding that these numbers were significant. Mr. Lynn argues that with only 700 available jobs in the region, the administrative law judge should have conducted a more thorough analysis before characterizing the number of available jobs as significant.

Mr. Lynn's argument erroneously focuses solely on the number of available regional jobs. "The relevant test is *either* jobs in the regional economy *or* jobs in

7

the national economy." *Raymond v. Astrue*, 621 F.3d 1269, 1274 n.2 (10th Cir. 2009) (emphasis in original). Thus, the number of available jobs can be significant even if few of the jobs are in the plaintiff's region. *Id.* at 1274. In these circumstances, we reject Mr. Lynn's challenge.

**VI.    The administrative law judge did not err in assessing Mr. Lynn's credibility.**

Mr. Lynn testified that he could not cook, clean, walk, bathe, or read. But the administrative law judge concluded that Mr. Lynn's testimony was not fully credible based on discrepancies with the medical record. Mr. Lynn argues that this conclusion was not closely linked to the evidence, ignored the need for a cane, vaguely referred to undisclosed reasons to discount Mr. Lynn's symptoms, mischaracterized the record, disregarded the need for medication, and failed to account for Mr. Lynn's inability to afford treatment. These arguments are rejected.

The administrative law judge is best suited to assess credibility, and we will not disturb credibility findings that are supported by substantial evidence. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010).

The administrative law judge discussed the relevant factors and grounded the findings in the medical evidence. For example, the administrative law judge cited evidence that Mr. Lynn cared for his own needs, cared for his children while his wife worked, drove during the day, and paid bills. In addition, the

8

administrative law judge described Mr. Lynn's conservative level of treatment, evidence that Mr. Lynn responded well to medication, and the absence of medical opinions supporting a restrictive physical assessment.

According to Mr. Lynn, the administrative law judge disregarded the need for a cane. The judge did not improperly disregard that evidence; instead, the judge relied on the fact that there was no evidence stating that the use of a cane was medically necessary.

Mr. Lynn argues that the judge not only disregarded the need for a cane, but also vaguely referred to other undisclosed reasons for discounting Mr. Lynn's complaints. We disagree. This argument is based on a misinterpretation of the administrative law judge's opinion. The judge started his discussion of credibility by stating: "[I]t is difficult to attribute [Mr. Lynn's claimed limitations] to [his] medical conditions, as opposed to other reasons, in view of the relatively weak medical evidence and *other forms discussed in this decision*." Appellant's App'x vol. II, at 26 (emphasis added). The judge then discussed the specific evidence, explaining why he discounted Mr. Lynn's credibility.

According to Mr. Lynn, that explanation mischaracterized the evidence because the administrative law judge erroneously found no evidence of diabetic retinopathy or finger numbness. But Mr. Lynn misstates what the administrative law judge found. The judge acknowledged the existence of evidence of trace diabetic retinopathy, but concluded that this evidence did not support Mr. Lynn's

9

assertion about the impact on his ability to read. In addition, the judge acknowledged evidence of joint pain, but remarked that this evidence did not support the complaint of numbness in Mr. Lynn's fingers. Thus, the administrative law judge's analysis was consistent with the medical evidence.

Mr. Lynn also argues that the administrative law judge failed to properly consider the need for medication and the presence of side effects. We disagree. The administrative law judge remarked that the medications had been discontinued or adjusted. Mr. Lynn does not question that remark. Instead, Mr. Lynn challenges the judge's conclusion that Mr. Lynn had not complained of any side effects, pointing out that he reported drowsiness and a feeling of heaviness in his chest. But Mr. Lynn did not attribute these conditions to his medications. He repeatedly said his medications worked "great." R. vol. III, at 448, 456, 459. The judge's statement was factually correct.

In addition, Mr. Lynn contends that the administrative law judge improperly discounted Mr. Lynn's credibility because he did not seek greater medical treatment. Mr. Lynn explains that he cannot afford greater treatment. Under federal regulations, an administrative law judge cannot draw inferences from a claimant's failure to seek medical treatment without considering the claimant's explanations, such as an inability to afford treatment. Social Security Regulation 96-7p, 1996 WL 374186, at *7-8 (1996). But here the administrative law judge did not draw inferences from Mr. Lynn's failure to seek more extensive

treatment. Instead, the judge simply pointed out that Mr. Lynn's doctors had recommended and provided treatment that was routine and conservative. That explanation was permissible under the evidence and federal regulations.

## VII.  Disposition

We affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge