**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARLA VALLEJO,

     Plaintiff - Appellee,

v.

NANCY A. BERRYHILL[*], Acting
Commissioner of Social Security,

     Defendant - Appellant.

No. 15-1283

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:13-CV-01196-MSK)**
_____

Submitted on the briefs:[**]

Benjamin C. Mizer, Principal Deputy Assistant Attorney General, John F. Walsh, United
States Attorney, Alisa B. Klein, Appellate Attorney, Civil Division, and Gerard Sinzdak,
Appellate Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for
Defendant-Appellant.

Michael W. Seckar, Michael W. Seckar, P.C., Pueblo, Colorado, for Plaintiff-Appellee.
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

    [*] Nancy A. Berryhill became the Acting Commissioner of the United States
Social Security Administration on January 20, 2017, and is substituted for Carolyn
W. Colvin as the Defendant-Appellant in this case. *See* Fed. R. App. P. 43(c)(2).
    [**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument wouldn't materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

**MORITZ**, Circuit Judge.

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

The Acting Commissioner appeals the district court's order reversing her decision to deny Marla Vallejo's application for supplemental security income benefits and remanding the case for further administrative proceedings. Because the district court's order rests on a misapplication of controlling law, we reverse and remand to the district court for further proceedings.

## BACKGROUND

Vallejo applied for supplemental security income benefits in April 2010, alleging she had been disabled since November 2009. After the agency administratively denied her claim, she received a hearing with an administrative law judge (ALJ). The ALJ evaluated Vallejo's testimony and the medical opinions of a consulting physician, a state-agency physician, an examining psychologist, and a state-agency psychologist. Although the record contained no medical opinions from treating physicians, Vallejo informed the ALJ at the hearing that her treating physician, Dr. Jerald Ratner, was preparing a mental health opinion. The ALJ agreed to consider the opinion if she received it before issuing her decision. One week later, the ALJ issued a decision adverse to Vallejo.

The next day, Ratner completed his opinion, titled "Residual Functional Capacity Evaluation (Mental)." App. 206. Ratner opined that Vallejo had bipolar disorder, and he rated her level of impairment as "extreme" in 13 of 20 functional

2

areas. *Id.* at 206-07. He further advised that Vallejo wouldn't be able to "work at any job 8 hours per day, 5 days per week," because her impairment would cause her to be "off task" one hundred percent of the time. *Id.* at 208.

Vallejo requested that the Appeals Council review the ALJ's decision and submitted Ratner's opinion with her request. The Appeals Council denied review, stating that it "considered" Ratner's opinion, along with other additional evidence, but found that evidence didn't "provide a basis for changing the [ALJ's] decision." *Id.* at 51-52. The Appeals Council's denial of Vallejo's request for review rendered the ALJ's decision the Commissioner's final decision. *See* 20 C.F.R. § 416.1481.

Vallejo then sought judicial review of the Commissioner's final decision. Ruling from the bench, the district court found one of Vallejo's five arguments dispositive: that the Appeals Council erred "in not properly articulating its assessment" of Ratner's opinion in denying Vallejo's request for review. App. 215. Based on Ratner's status as a treating physician, the court reasoned that the Appeals Council was required to "follow the same rules" as the ALJ by evaluating Ratner's opinion and either assigning it controlling weight or articulating reasons for assigning it a lesser weight. *Id.* at 217. *See* 20 C.F.R. § 416.927(c) (requiring agency factfinder to evaluate all medical opinions and give controlling weight to opinions from treating sources or explain why lesser weight is given).

Because neither the ALJ nor the Appeals Council expressly evaluated Ratner's opinion, the district court reversed the Commissioner's decision and remanded for

the Appeals Council to either (1) determine what weight, if any, to give Ratner's opinion or (2) remand to an ALJ with directions to make that determination.

## DISCUSSION

### I

Preliminarily, we must consider whether we have jurisdiction to consider the Commissioner's appeal. Because the district court remanded the case for further administrative proceedings, we directed the Commissioner to clarify whether the remand was a sentence-four remand or sentence-six remand. *See Pettyjohn v. Shalala*, 23 F.3d 1572, 1573-74 (10th Cir. 1994) (noting that district court may remand case to Commissioner under either sentence four or sentence six of 42 U.S.C. § 405(g), and explaining that "whether a final judgment has been entered depends on what kind of remand is made").

Under sentence four, "[t]he court may remand the case after passing on its merits and issuing a judgment affirming, reversing, or modifying the [Commissioner's] decision." *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994). Sentence six authorizes remand only when (1) the Commissioner requests a remand for good cause before filing an answer, or (2) "new and material evidence comes to light, and there is good cause for failing to incorporate such evidence in the earlier [administrative] proceeding." *Id.*

Sentence-four remands are final and appealable because the court rules on the merits of the Commissioner's decision and issues a final judgment before remanding the case. *Sullivan v. Finkelstein*, 496 U.S. 617, 629 (1990). Sentence-six remands are

interlocutory and non-appealable because the district court retains jurisdiction and remands solely for consideration of new evidence that wasn't before the Commissioner, and the parties must then return to court to obtain a final judgment. *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

For two reasons, we agree with the Commissioner that the district court ordered a sentence-four remand here. First, this case presents neither of the circumstances required for a sentence-six remand: the Commissioner didn't request the remand, and Vallejo presented no evidence to the district court that wasn't before the Commissioner. True, the Appeals Council didn't expressly evaluate Ratner's opinion. But it did incorporate the opinion into the agency record.[1]

Second, the remand in this case bears the hallmarks of a sentence-four remand: the court reversed the Commissioner's final decision, immediately entered judgment against the Commissioner, and later granted attorney's fees to Vallejo. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) (noting that "[i]mmediate entry of judgment . . . is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand"). Because the district court issued a sentence-four remand, we exercise jurisdiction and proceed to the merits.

---

[1] When a claimant submits new evidence to the Appeals Council and the Council accepts that evidence, it becomes part of the administrative record for the district court to consider in performing its substantial-evidence review. *O'Dell v. Shalala*, 44 F.3d 855, 858-59 (10th Cir. 1994).

We review a district court's ruling reversing the Commissioner's final decision de novo, applying the same standards as the district court. Thus, we ask whether the Commissioner applied the correct legal standards and whether her factual findings are supported by substantial evidence. *Nguyen*, 43 F.3d at 1402.

Here, the district court reversed the Commissioner's decision based solely on the court's determination that the Appeals Council failed to apply the correct legal standards. Specifically, the district court concluded that the Appeals Council erred in denying Vallejo's request for review without first expressly evaluating Ratner's medical opinion.

The Commissioner disagrees. According to the Commissioner, the district court's decision to remand this case based on the Appeals Council's failure to explain its assessment of Ratner's opinion conflicts with our decision in *Martinez v. Barnhart*, 444 F.3d 1201 (10th Cir. 2006), and rests on a misunderstanding of the relevant regulations.

In *Martinez*, as here, the Appeals Council denied review of an ALJ's determination that the claimant wasn't entitled to benefits. After the district court affirmed the ALJ's decision, the claimant appealed. The claimant argued, in part, that the Appeals Council erred in "fail[ing] to articulate an analysis showing the opinions of [the claimant's] treating physician, Dr. Olivares, were not supported by his treatment records." *Id.* at 1204. In rejecting that argument, we recognized that "an express analysis of the Appeals Council's determination would [be] helpful for

purposes of judicial review." *Id.* at 1207-08. But we concluded that "nothing in the statutes or regulations . . . require[s] such an analysis where new evidence is submitted and the Appeals Council denies review." *Id.* at 1208. Rather, the Appeals Council is required only to "consider" the new evidence—and a conclusory statement that it has done so is sufficient. *Id.* at 1207.

Vallejo acknowledges *Martinez*' holding but urges us to apply an exception to *Martinez* when, as here, (1) a claimant submits a treating-physician's opinion to the Appeals Council that (2) wasn't provided to the ALJ, that (3) undermines the ALJ's decision, and that (4) is the only treating-physician's opinion in the administrative record. Vallejo also suggests than an exception to *Martinez* would resolve the "tension," Aplee. Br. 17, between two principles of social security law: (1) an agency fact-finder must "give good reasons" for its allocation of weight to the opinion of a treating physician, 20 C.F.R. § 416.927(c)(2);[2] yet (2) when a claimant submits new evidence to the Appeals Council for review, and the Council denies the request for review, it's not required to "specifically discuss the effect of [the evidence] . . . in light of the record as a whole," *Martinez*, 444 F.3d at 1207.

While these two principles may well be in tension, that tension doesn't permit us to ignore the relevant regulations governing administrative review, which appear to specifically anticipate the outcome in this case.

---

[2] Our cases have clarified this "good reasons" requirement: The explanation "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting Social Security Ruling 96-2p, 1996 WL 374188 (July 2, 1996), at *5).

Most notably, the regulation Vallejo relies upon, by its very terms, doesn't apply to the Appeals Council when it denies review. Instead, it requires the agency fact-finder—ordinarily the ALJ—to thoroughly evaluate treating-physician opinions and "give good reasons" for the weight given to each when issuing a "notice of determination or decision." § 416.927(c)(2). But it does *not* require the Appeals Council to do so when denying review of the ALJ's decision. Instead, it requires the Appeals Council to evaluate treating-physician opinions in the same manner as the ALJ only when the Appeals Council *grants* review and "makes a decision." § 416.927(e)(3) ("When the Appeals Council makes a decision, it will follow the same rules for considering opinion evidence as administrative law judges follow."); *see also* § 416.1481 ("The Appeals Council may deny a party's request for review *or* it may decide to review a case and *make a decision*.") (emphases added). Here, the Appeals Council did not "make[] a decision." § 416.927(e)(3). Instead, it simply denied review. Thus, it was not required to follow the same rules for considering opinion evidence as the ALJ followed, and the district court erred in concluding otherwise and in reversing and remanding on that basis.[3]

---

[3] In support for her argument to the contrary, Vallejo relies on *Harper v. Astrue*, 428 F. App'x 823 (10th Cir. 2011) (unpublished). In *Harper*, we remanded for further proceedings based, in part, on what we characterized as the Appeals Council's failure to "properly evaluate the opinion of [the claimant's] treating physician." 428 F. App'x at 826. But in addition to *Harper*'s unpublished and non-precedential status, we decline to rely on it here for two reasons: (1) *Harper* doesn't cite *Martinez*, let alone attempt to square its decision with our holding in that case; and (2) *Harper* doesn't address the Appeals Council's limited requirement to "consider" new evidence under § 416.1470.

Finally, we reject Vallejo's alternative argument that the district court's "ultimate decision to remand the case to the Commissioner was the appropriate remedy" even if the district court erred in concluding that the Appeals Council had a duty to explain its assessment of Ratner's opinion. Aplee. Br. 22. Vallejo argues the district court "determined that a remand for a fact-finder's weighing of the new evidence was necessary" because without the fact-finder's evaluation of Ratner's opinion, the court simply couldn't determine whether substantial evidence supports the Commissioner's decision. *Id.* at 23.

But *Martinez* also precludes this argument. We recognized in *Martinez* that an express analysis from the Appeals Council would be helpful to judicial review. 444 F.3d at 1207-08. But, as we said there—and reiterate here—"nothing in the statutes or regulations" requires the Appeals Council to provide that analysis. *Id.* at 1208. Remanding the case to the Appeals Council for further fact-finding when the Appeals Council did all it was required to do under the regulations wasn't an option for the district court. The district court's only option was to conduct a substantial-evidence review by assessing the entire agency record, including Ratner's never-before assessed opinion. *See O'Dell*, 44 F.3d at 858-59 (noting that when claimant submits new evidence to Appeals Council and Appeals Council accepts it, that evidence becomes part of the record to be considered by court in performing substantial-evidence review).

Consequently, we reverse the district court's order reversing the Commissioner's final decision and remanding to the Appeals Council for an express evaluation of Ratner's opinion. We remand to the district court with directions to address Vallejo's remaining arguments and determine if the Commissioner applied the correct legal standards and if substantial evidence in the administrative record—which now includes Ratner's opinion—supports the Commissioner's final decision.