**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 6, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

JEREMIAH COLLINS,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

    Defendant - Appellee.

No. 15-6073
(D.C. No. 5:13-CV-00952-L)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Jeremiah Collins appeals from the district court's order affirming the

Commissioner's denial of his applications for a period of disability and disability

insurance benefits and supplemental security income. Exercising jurisdiction under

28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

_____

    * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

Mr. Collins was thirty-two years old on his alleged disability-onset date of January 1, 2009.  He is a high-school graduate who also has attended 1.5 semesters of college.  Although he has had numerous short-term jobs, he has never worked at substantial-gainful-activity levels.  He sought benefits primarily because of mental impairments, as well as back and knee pain and a seizure disorder.

The administrative law judge (ALJ) concluded that Mr. Collins suffers the severe impairments of "history of seizures; history of drug dependency in early partial remission; anxiety; schizophrenia, paranoid type; Major Depressive Disorder; [and] schizoaffective disorder."  Aplt. App., Vol. I at 23.  The ALJ further concluded that Mr. Collins had no impairment or combination of impairments that met or equaled a listing, and that he retained the residual functional capacity (RFC) "to perform light work . . . except he should avoid moderate exposure to hazards due to history of seizures.  [He] can understand, remember and carry out simple instructions with routine supervision, but should not work with the general public."  *Id.* at 30.  Mr. Collins had no past relevant work, but applying the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the grids"), the ALJ concluded that in light of his age, education, and work experience, there were jobs in significant numbers in the national economy that he could perform.  Accordingly, the ALJ held that Mr. Collins was not disabled.

The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.  A magistrate judge issued a report and

recommendation (R&R) recommending that the district court affirm the decision. After Mr. Collins objected, the district court accepted the R&R and affirmed the denial of benefits.

### *Discussion*

## I.     Firm Waiver Rule

"The scope of our review . . . is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996).  Mr. Collins has waived all issues that he did not raise in his objections to the R&R.  *Martinez v. Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006).  And even for the issues he did raise in his objections, the government contends that Mr. Collins was not sufficiently specific to preserve his arguments for review.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for appellate review." *Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir. 1996) (ellipsis and internal quotation marks omitted).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Mr. Collins' objections began by "incorporat[ing] by reference herein, all of the arguments he made in his Brief in Chief." Aplt. App., Vol. IV at 955.  But we

3

disfavor briefing by incorporation, *see, e.g.*, *Gaines–Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623-24 (10th Cir. 1998), and such a broad statement is not sufficiently specific to preserve any arguments for review, *see Soliz*, 82 F.3d at 375-76; *One Parcel of Real Prop.*, 73 F.3d at 1060.

Mr. Collins then reiterated certain arguments from one section of his opening brief. Although it is a close call whether these objections are sufficiently specific, we will not deem these arguments waived. We address them below.

In addition, Mr. Collins raised a new argument in his objections. Citing *Jaramillo v. Colvin*, 576 F. App'x 870 (10th Cir. 2014), he argued that the ALJ improperly used non-specific qualifying terms in expressing his RFC and failed to state his mental impairments in terms of work-related functioning. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Although *Jaramillo* was decided after Mr. Collins filed his brief in the district court, the authorities it relied on were available when Mr. Collins filed his brief. *See Chapo v. Astrue*, 682 F.3d 1285 (10th Cir. 2012); SSR 96-8p, 1996 WL 374184 (July 2, 1996); SSR 85-15, 1985 WL 56857 (1985). Therefore, Mr. Collins could have raised the argument in his opening brief, and we consider it waived.

We have applied the firm-waiver rule except "when the interests of justice so dictate," *One Parcel of Real Prop.*, 73 F.3d at 1060 (internal quotation marks omitted), and when there is plain error, *see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005). But we do not consider these exceptions because

4

Mr. Collins has not argued for them. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road" for a waived argument.).

## II.    Arguments Preserved for Appeal

Giving Mr. Collins the benefit of the doubt, we conclude that he sufficiently preserved a handful of issues by raising them in his objections to the R&R. "We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citation and internal quotation marks omitted).

First, Mr. Collins argues that the ALJ erred in using the term "moderate exposure to hazards" in the RFC. He asserts that a person with a seizure disorder "must avoid *all* exposure to hazards, not just a moderate exposure." Aplt. Br. at 7. This argument ignores the medical evidence, relied upon by the ALJ, that "[t]here is no record of recent treatment for seizures and by inference the seizures are sufficiently controlled on medication. . . . [S]eizures are expected to be controlled with compliance to treatment." Aplt. App., Vol. 1 at 31. Due to seizure history, the ALJ included a hazards restriction "[n]onetheless," *id.*, out of an abundance of caution. Mr. Collins did not preserve any argument that the ALJ's decision regarding

5

the likelihood of seizures is not supported by substantial evidence. In these circumstances, the use of the term "moderate exposure" is not grounds for reversal.

Next, still challenging the hazards limitation, Mr. Collins complains that the RFC does not identify specific hazards. But, in discussing the hazards limitation, the ALJ states that "[t]he claimant needs to avoid moderate exposure to dangerous heights and moving machinery." *Id.* This argument therefore is meritless.

Third, Mr. Collins asserts that "routine supervision" is unworkable because, according to his uncle's testimony, he cannot retain information for more than two weeks. And fourth, he complains that the RFC does not contain a restriction on working in extreme heat or cold and makes no provision for his being absent or tardy due to mania and depression or for his hallucinations and paranoia. Both of these arguments appear to question the ALJ's assessment of the evidence and urge the court to reweigh the evidence in Mr. Collins' favor. It is well settled, however, that we do not reweigh the evidence or substitute our discretion for the agency's. *See Newbold v. Colvin*, 718 F.3d 1257, 1262, 1265 (10th Cir. 2013); *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

*Conclusion*

The district court's judgment is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge